RYAN, RESPONDENT, *v.* DISTRICT No. 1 OF POWELL COUNTY, APPELLANT.

(No. 4,453.)

(Submitted September 20, 1921. Decided October 10, 1921.)

[201 Pac. 283.]

*Schools—Teacher's Contract — Breach — Findings—Conflicting Evidence—Appeal and Error.*

1. In an action for breach of a school-teacher's contract, the only issue in which was whether plaintiff had voluntarily resigned or was discharged in violation of its terms, tried by the court, the evidence, conflicting in nature, *held* sufficiently substantial to support the finding in plaintiff's favor.

*Appeals from District Court, Powell County; George B. Winston, Judge.*

ACTION by Mary B. Ryan against School District No. 1 of Powell County. Judgment for plaintiff and defendant appeals from it and from an order denying a new trial. Affirmed.

*Mr. W. E. Keeley,* for Appellant, submitted a brief.

Where a regularly qualified school-teacher has been employed under a contract entered into with the board of trustees to teach school for a specified number of months, it is not in the power of such board to dismiss him, and if such board dismisses such teacher, it exceeds the limits of its statutory authority, and its act in doing so binds no one. It is *ultra vires.* If the trustees by the employment of others prevent such teacher from complying with his contract, then the trustees, and not the district, are liable to him for resulting damages. If such teacher fails to continue to teach after an unlawful dismissal, his discontinuing to teach is, in legal effect, a voluntary abandonment and therefore the school district is not liable. (*Oakes v. Simrell,* 98 Mo. App. 163, 71 S. W. 1060.) And where a school board acts beyond the scope of its authority, and forcefully prevents a school-teacher from complying with his contract, the members of the board, and not the district, are liable to the teacher therefor. (35 Cyc. 1096; *Wiest v. School District,* 68 Or. 474, 49 L. R. A. (n. s.) 1026, 137 Pac. 749; *Rock Island Lumber & Mfg. Co. v. Elliott,* 59 Kan. 42, 51 Pac. 894.) Indeed, this court has directly passed upon this very question, holding that the acts of the school clerk, beyond statutory authority, do not bind the district. (*Kenyon-Noble Lumber Co. v. School District,* 40 Mont. 123, 129, 105 Pac. 551.)

*Mr. S. P. Wilson,* for Respondent, submitted a brief, and argued the cause orally.

Except for the proposition that school districts are not liable upon contracts in cases such as this, appellant's brief is devoted entirely to the argument that the decision of the court below is against the weight of evidence, upon the affirmative defenses of (a) abandonment by plaintiff of her contract, and (b) rescission of the contract by an accepted resignation. It cannot

be honestly claimed from the testimony that there is not substantial testimony to sustain the decision.   Whether or not the evidence preponderates against the decision is unimportant. The action is a common-law action triable by a jury.   A jury having been waived, the rule that the decision of the trial court will not be disturbed if sustained by substantial testimony applies the same as if the decision had been arrived at by the jury.   (*Brown* v. *Threlkeld's Guardian,* 154 ·Ky. 833, 159 S. W. 595.)   That school districts are liable upon contracts such as this is so universally sustained by the authorities that it can scarcely be the subject of argument.   (*Kellison* v. *School Dist. No. 1,* 20 Mont. 153, 50 Pac. 421; *Curttright* v. *Independent School Dist. of Center Junction,* 111 Iowa, 20, 82 N. ·W. 444; *Watkins* v. *Special School District of Lepanto* (Ark.), 194 S. W. 32; 35 Cyc. 1095, 1097, and cases cited.)

MR. COMMISSIONER SPENCER prepared the opinion for the court.

On March 3, 1919, plaintiff obtained judgment against the defendant for $400, together with interest thereon from June 1, 1918, and $11.70 costs.   Defendant's motion for a new trial was denied, and appeal is from the order denying the motion and from the judgment.

The complaint alleges, in substance, the execution of a written contract on June 14, 1917, by plaintiff and defendant, whereby the plaintiff agreed to teach school in district No. 1 of Powell county for a period of nine and three-fourths months beginning September 3, 1917, for a stipulated wage of $780, or $80 per month; that plaintiff entered upon her employment in accordance with the contract, and discharged all the duties required of her until February 12, 1918, when defendant discharged her, and refused to permit her longer to continue her employment under the contract; that she fulfilled all the terms of the contract required of her, and complied in all respects with the laws of the state and rules of the school

board, and that her discharge by the defendant was arbitrary, wrongful, unlawful and without cause; and that plaintiff in no wise acquiesced in the discharge, and that at all times during the period of said contract she held herself in readiness to perform. The complaint then alleges $400 as the amount due under the contract, demand, and refusal of payment.

The answer admits the execution and acceptance of the contract by both plaintiff and defendant and the performance of its terms by plaintiff until February 11, 1918, and denies all other allegations. For affirmative defenses the defendant urges abandonment of the contract by plaintiff's resignation, and rescission by mutual agreement of the parties and settlement of the claim sued upon by tender of warrant for $84 by defendant, and acceptance thereof by the plaintiff, all of which affirmative defenses were put in issue by reply.

A jury was expressly waived by both parties, and trial had to the court. The proceedings at the trial disclose that the only issue to be determined was whether the plaintiff voluntarily resigned and abandoned her contract, or was discharged in violation of its terms. The court resolved all doubt in favor of the plaintiff and ordered judgment accordingly. The evidence offered by the respective parties is not harmonious, nor from the standpoint of either is it entirely satisfactory. In general, it presents a conflict. The court, exercising its functions as both court and jury, found the facts in favor of the plaintiff. We think there is substantial evidence to support the finding, and hence it is not for this court to substitute its judgment for that of the court which tried the case.

We find no merit in any of the assignments of error, and therefore recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

*Affirmed.*